1, GAUDIN, Chief Judge.
This is an appeal by Garnet Marshall following his armed robbery conviction in the 29 th Judicial District Court. He was sentenced to 60 years at hard labor without benefit of parole, probation or suspension of sentence.
Marshall was convicted of the February 5, 1997 robbery of the Taft Carbide Federal Credit Union in St. Charles Parish. Armed with a pistol and wearing a ski mask, Marshall stole approximately $26,000.00.
On appeal, he assigns these district court errors:
(1) he was intoxicated when he confessed and therefore the trial judge erred in not suppressing his confession,
(2) his sentence was excessive, and
(3) he was not advised of the time limit for filing for post-conviction relief.
The record shows that while several defense witnesses testified about Marshall drinking beer prior to his giving a statement to the police, he was not so intoxicated that his statement was involuntary. We see no reversible error in either the denial of Marshall’s motion to suppress or the sentence imposed. We affirm Marshall’s conviction and sentence. We remand only 12for the trial judge to provide Marshall with the required LSA-C.Cr.P. art. 930.8 notice pertaining to the prescriptive period for filing for post-conviction relief.
ASSIGNMENT NO. 1
Detective Gregory Harrell of St. Charles Parish Sheriffs Office was assigned to investigate the robbery. In the course of the investigation, Marshall was picked up and questioned. Marshall gave a statement implicating himself in the robbery of the credit union. He admitted that he was involved in the planning of the robbery and that he was given the proceeds of the robbery to hold for a period of time. He said he returned the proceeds to a man named Giovanni Brown. After Marshal promised to help recover the stolen money, he was released.
During the course of the investigation, evidence was discovered which cast doubt on Marshall’s supposed limited role in the robbery. Statements from witnesses conflicted with Marshall’s confession. Additionally, clothing found in Marshall’s hotel room was consistent with the clothing worn by the robber. Based on this evidence, Harrell began to suspect that Marshall was in fact the robber. When Marshall was unsuccessful in his attempts to secure the return of the money stolen from the credit union, he was arrested.
*103 At a hearing to suppress Marshall’s confession, two of his aunts and his girlfriend testified about Marshall’s beer drinking before giving the statement about his limited role in the armed robbery. Detective Harrell also 13testified, saying that Marshall was not intoxicated. Another police officer, Johnny Farrell, testified that he had spoken with Marshall the night of the confession and that he (Marshall) appeared normal. Farrell had met with Marshall on prior occasions.
In denying the motion to suppress, the trial judge said:
“I don’t see any grounds on which to suppress any of the evidence. Some of the arguments — and any of the statements either. Some of the arguments advanced by implication as far as capacity, like Mr. Marshall’s alleged capacity at the time of the statement, that would go to the weight. That’s something for the trier of fact to determine its credibility. I don’t think that in and of itself is grounds to exclude it. I’m talking about diminished capacity by virtue of his claiming he was, his adducing evidence that he was intoxicated at the time. That just goes to the weight to be afforded it. I don’t think that’s grounds in and of itself, and the evidence doesn’t show that there was grounds for suppression. I don’t see where sufficient evidence has been adduced to show that any of the tangible evidence seized has been taken improperly, has been seized improperly
[[Image here]]
The evidence presented at the suppress hearing supports the trial judge’s denial. Marshall’s three witnesses testified that the defendant appeared drunk but that he understood them when they spoke to him. Two police officers testified that Marshall did not appear intoxicated.
Additionally, a close review of the statement Marshall sought to |4suppress supports a finding that his intoxication was not such that the statement should be suppressed. Marshall was questioned for approximately 20 minutes by a detective. Marshall’s answers were responsive to the detective’s questions and were logical and organized. He was able to recall specific details of events occurring before and after the credit union robbery.
Marshall argues that the trial judge applied an incorrect standard and that he failed to directly rule on the voluntariness of the statement. Had the trial judge found Marshall so intoxicated that his statement was constitutionally involuntary, he would have suppressed the confession. Such was not the case. Even if the trial judge applied an inappropriate standard, as Marshall contends, the motion to suppress was correctly denied considering the evidence and testimony.
ASSIGNMENT NO. 2
In this assignment, Marshall says that his sentence of 60 years is constitutionally excessive. The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. See State v. Lobato, 603 So.2d 739 (La.1992); and State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.1991), writs denied at 577 So.2d 1009 (La.1991).
The sentencing range for armed robbery is five to 99 years without benefit of parole, probation or suspension of sentence, LSA-R.S. 14:64. The trial judge considered a presentence investigation report prior to imposing | .¡sentence and he gave extensive reasons for the sentence. The trial judge stated:
“I think that the risk is evident here because you have, this is your fourth offense. You have a prior offense for armed robbery in the 1980s for which you were sentenced to seven and a half years. You have another conviction of forgery in the early 1990s for which you were sentenced, if my recollection is correct, to two and a half years. You have a conviction of possession of a firearm by convicted felon. This is your fourth felony, three of which involved guns, or weapons ...
‘Tour actions show that you are in need of correctional treatment. And quite candidly, your actions over the past 15 plus *104 years show that you are incorrigible and not capable of being rehabilitated.”
The trial judge said he believed that Marshall was likely to commit other such acts if released.
ASSIGNMENT NO. 3
As previously stated, this assignment of error is valid. We remand only for an Art. 930.8 notice to be sent to Marshall and that proof of receipt of this notice be placed in the record.
CONVICTION AND SENTENCE AFFIRMED; REMANDED ONLY FOR ART. 930.8 NOTICE TO BE SENT.